UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALBERT BURDEN,
  Plaintiff,

v.                Case No. 07-14879

JOHN E. POTTER, POSTMASTER    Honorable Patrick J. Duggan
GENERAL UNITED STATES POSTAL
SERVICE, and CARNELL GEORGE, in
her individual capacity,
  Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 29, 2008.

PRESENT:  THE HONORABLE PATRICK J. DUGGAN
       U.S. DISTRICT COURT JUDGE

On November 13, 2007, Albert Burden ("Plaintiff") commenced this action against John E. Potter, the Postmaster General of the United States Postal Service ("Postal Service"), and Carnell George ("George")(collectively referred to as "Defendants"). Plaintiff's complaint alleges the following counts: Count I (Race, Gender, and Age Discrimination (Title VII of the Civil Rights Act of 1964)); Count II (Disability Discrimination); Count III (Retaliation); Count IV (Breach of Contract (Defendant USPS)); Count V (Defendants' Violation of § 1985 of [*sic*] the 14th Amendment of the United States Constitution); Count VI (Injurious Falsehood); and Count VII (Negligent Supervision). Presently before this Court is Defendants' motion to dismiss for lack of

subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court held a hearing on Defendants' motion on April 10, 2008.

I. **Background**

Plaintiff is a veteran who on April 17, 2004 was removed from his position of employment as an equipment operator with the Postal Service after eleven years of service. Plaintiff's removal was the result of an incident that occurred on February 4, 2004, where he allegedly attempted to assault Defendant George with a forklift. As a result of the February 4, 2004 incident, Plaintiff received "a 30-day Notice of proposed Removal (Veteran) charging Plaintiff with unacceptable conduct" on February 19, 2004. (Compl. ¶ 12.) "Plaintiff was also charged with violation of Sections 666.2 and 661.53 of Defendant's Employee & Labor Relations Manual." (*Id.* ¶ 13.) Plaintiff filed a grievance appeal of the Notice of Removal on March 16, 2004; nevertheless, his employment was ultimately terminated.

Plaintiff challenged his removal by filing an "mixed case appeal"[1] with the Merit Systems Protection Board ("MSPB"). In his "mixed case appeal" to the MSPB, Plaintiff

---

[1] "A mixed case appeal is an appeal filed with the MSPB that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, handicap or age." 29 C.F.R. § 1614.302. In slightly different terms, a "mixed case is one where a federal employee alleges that [he] suffered from an adverse agency action appealable to the [MSPB], and that action was also based on discrimination in violation of Title VII." *Valentine-Johnson v. Roche*, 386 F.3d 800, 802 (6th Cir. 2004).

2

claimed that he was wrongfully removed from his employment and discriminated against on the basis of an alleged disability. (Defs.' Mot. Ex. 1, Pl.'s MSPB Appeal Form.)

Plaintiff's MSPB appeal was assigned to Administrative Judge Julia Packard ("AJ"). The AJ conducted a hearing on Plaintiff's appeal on June 28, 2004. In the AJ's initial decision dated August 24, 2004, the AJ concluded that Plaintiff had failed to establish a prima facie case of disability discrimination. (*See* Defs.' Mot. Ex. 1 at 7.) In addition, the AJ found that the Postal Service had shown by a preponderance of the evidence that Plaintiff had engaged in the alleged misconduct. Finally, the AJ held that Plaintiff's conduct was so serious that "removal remains the only reasonable penalty for the sustained misconduct." (*Id.* at 10.)

At the conclusion of the AJ's initial decision, the AJ advised Plaintiff of the various avenues in which he could seek review of her decision. Plaintiff was first advised that the AJ's initial decision affirming the Postal Service's removal "will become final on **September 30, 2004**, unless a petition for review is filed by that date or the Board reopens the case on its own motion." (*Id.* (emphasis in original).) Plaintiff was also told that "[t]he date on which the initial decision becomes final . . . controls when you can file a petition for review with the Equal Employment Opportunity Commission (EEOC) or with a federal court." (*Id.*) Then, Plaintiff was notified of three available options: (1) board review; (2) EEOC review; and (3) judicial review.

With respect to the board review option, Plaintiff was informed that he could

request review by the entire Board[2] by filing a petition with the Clerk of the Board "no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision." (*Id.* at 11.) Plaintiff was also advised that he could seek EEOC review of the MSPB's "final decision on discrimination . . . by filing a petition with the EEOC no later than 30 calendar days after the date this initial decision becomes final." (*Id.* at 11-12.) In addition, Plaintiff was advised that he could obtain judicial review of the MSPB's decision in one of two ways. First, Plaintiff was informed that he could seek "judicial review of both discrimination and nondiscrimination issues by filing a civil action [with the appropriate federal district court] . . . no later than 30 calendar days after the date this initial decision becomes final." (*Id.* at 12.) Second, if Plaintiff chose not to contest the MSPB's decision on discrimination, he was told that he could "ask for judicial review of the nondiscrimination issues by filing a petition with . . . The United States Court of Appeals for the Federal Circuit . . . no later than 60 calendar days after the date of [the MSPB's] initial decision becomes final." (*Id.* at 12-13.)

Plaintiff chose to seek judicial review of the MSPB's decision on the nondiscrimination issues by filing a petition with the United States Court of Appeals for the Federal Circuit. The United States Court of Appeals for the Federal Circuit affirmed the MSPB's decision on June 6, 2006. (Compl. ¶ 26.) Plaintiff then petitioned the Federal Circuit to rehear his appeal *en banc*, which was denied on October 6, 2006. (*Id.*)

---

[2]"Board" refers to the entire MSPB.

4

On January 17, 2007, Plaintiff filed a petition for a writ of certiorari in the United States Supreme Court, which was denied as untimely. (*Id.*)

Plaintiff commenced this action on November 13, 2007.

## II. Standards of Review

Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. "A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may involve a facial or a factual attack." *Am. Telecom. Co., LLC v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007)(citing *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2004)). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence, and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." *Golden*, 410 F.3d at 881. In their motion, Defendants attack the factual basis for subject matter jurisdiction.

Alternatively, Defendants move for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court will grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists for trial unless, by viewing the evidence in a light most favorable to the nonmoving party, a reasonable jury could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The moving party bears the burden of informing this Court of the basis for its motion and identifying those portions

5

of the record that establish the absence of a material issue of fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).  Once the moving party has met its burden, Rule 56(e)(2) requires the nonmoving party to look beyond the pleadings and designate specific facts showing that a genuine issue exists for trial.  FED. R. CIV. P. 56(e)(2); *Celotex*, 477 U.S. at 322-24, 106 S. Ct. at 2552-53.

### III. Applicable Law and Analysis

#### A. Counts I, II, and III of Plaintiff's Complaint Will Be Dismissed

Defendants first contend that Counts I, II, and III of Plaintiff's complaint must be dismissed because Plaintiff "has failed to satisfy the requirements of the Civil Service Reform Act of 1978 ('CSRA')."  (Defs.' Br. at 3.)  Defendants assert that Plaintiff had thirty to sixty days from the date of the MSPB's final decision to choose from a number of options to obtain review of the MSPB's final decision.  Because Plaintiff chose the option of obtaining judicial review of only the nondiscrimination issues presented to the MSPB by filing an appeal with the Federal Circuit, Defendants contend that Plaintiff is barred from raising the discrimination issues in this action, including any discrimination claims that could have been raised in Plaintiff's "mixed case appeal."

Plaintiff contends that he has exhausted his administrative remedies by filing a complaint with the Equal Employment Opportunity Commission ("EEOC").  Although it is unclear when Plaintiff filed a complaint with the EEOC, Plaintiff has attached what appears to be page 2 of the EEOC's disposition of his complaint, which is dated August 16, 2007.  Because Plaintiff has not attached the entire EEOC decision, the Court is unable to determine the reasons the EEOC denied Plaintiff's complaint (and counsel for

Plaintiff was unable to explain the same at the April 10, 2008 hearing). Nevertheless, the page of the EEOC's decision attached to Plaintiff's response brief states that Plaintiff has "the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that [he] receive[d] th[e] decision." (Pls.' Resp. Br. Ex. 3 (emphasis in original).) Plaintiff argues that the portion of the EEOC document attached to his response brief gave him a right to file Counts I through III of his complaint in this Court.

The CSRA provides for review by the MSPB of "specified 'adverse employment actions' affecting federal civil servants, including terminations, demotions, and suspensions." *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004)(citing 5 U.S.C. § 7512). "Although the MSPB does not have jurisdiction over discrimination claims that are not related to adverse actions, it can entertain appeals in 'mixed cases,' where an employee alleges a Title VII violation in relation to one of the specified adverse employment actions." *Id.* (citing 5 U.S.C. § 7702; 29 C.F.R. § 1614.302; *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998)).

In this case, Plaintiff filed what is known as a "mixed case appeal" directly to the MSPB. Plaintiff's filing with the MSPB was a "mixed case appeal" because it challenged the Postal Service's reasons for his removal on nondiscrimination grounds – the Postal Service's charge that Plaintiff attempted to assault his supervisor with a forklift was untrue – and on discrimination grounds – he was removed based on his disability. *See* 29 C.F.R. § 1614.302(2). Because Plaintiff elected to file a "mixed case appeal" to the

MSPB,[3] *see id.* § 1614.302(b)(providing that a binding election between the MSPB and EEO forums occurs as soon as a formal petition is filed in either forum), he was required to exhaust his administrative remedies in that forum before filing a civil action. *See McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995).

Plaintiff did exhaust his administrative remedies in the MSPB forum as to his disability discrimination claim, because the AJ's initial decision affirming the Postal Service's removal of Plaintiff became the MSPB's final decision when neither Plaintiff nor the Postal Service sought further review by the entire Board within 35 days[4] of the AJ's initial decision on August 26, 2004. *See Valentine-Johnson*, 386 F.3d at 805 (quoting *Butler v. West*, 164 F.3d 634, 638-39 (D.C. Cir. 1999)). At the point that the MSPB's decision became final, i.e., thirty-five days after August 26, 2004 (September 30, 2004), Plaintiff had three options for seeking review of the MSPB's decision:

> (1) He could seek EEOC review of his discrimination claims pursuant to 5 U.S.C. § 7702(b)(1)[5]; (2) He could file a civil action in federal district court on both his discrimination and his termination claims under 5 U.S.C. § 7703(b)(2)[6]; or (3)

---

[3]There were other administrative remedies available to Plaintiff to challenge his removal by filing a "mixed case." For a general description of the other options that are not relevant to the present dispute see *Valentine-Johnson v. Roche*, 386 F.3d 800, 805 (6th Cir. 2004)(providing a "mixed case" roadmap).

[4]"By regulation the Board has lengthened the period allowing for administrative review from 30 to 35 days." *Ballard*, 768 F.2d at 762; *see* 5 C.F.R. § 1201.113.

[5]Plaintiff asserts that he filed a complaint with the EEOC in 2007. (*See* Pl.'s Resp. Br. at 7.) Therefore, to the extent that Plaintiff's disability discrimination claim was asserted in the complaint Plaintiff filed with the EEOC in 2007, it was untimely.

[6]Plaintiff filed his complaint asserting a claim for disability discrimination on November 13, 2007, well after the expiration of the thirty-day period to file in federal

> He could request the United States Court of Appeals for the Federal Circuit to review the termination decision, but he could only pursue this avenue if he did not seek review of his discrimination claims, because the Federal Circuit does not have jurisdiction to hear discrimination appeals. *See* 5 U.S.C. § 7703(b)(1)-(2).

*Chappell*, 388 F.3d at 1375-76.

Plaintiff chose the third option of seeking review of the MSPB's decision: he petitioned the Federal Circuit to review the Postal Service's removal but only as to the nondiscrimination issues raised before the MSPB, "because the Federal Circuit does not have jurisdiction to hear discrimination appeals." *Id.* The Federal Circuit affirmed the MSPB's decision.

Plaintiff did not file his present complaint, which asserts a claim for disability discrimination (Count II), until November 13, 2007, well after the expiration of the 30-day limitation period to seek review in a federal district court. Because the 30-day limitation period to seek federal district court review is a jurisdictional prerequisite that cannot be extended, *Johnson v. U.S. Postal Serv.*, 64 F.3d 233, 237-38 (6th Cir. 1995); *Dean v. Veterans Admin. Regional Office*, 943 F.2d 667, 669 (6th Cir. 1991), *vacated and remanded on other grounds*, 503 U.S. 902, 112 S. Ct. 1255 (1992), this Court lacks jurisdiction to hear Plaintiff's disability discrimination claim. Therefore, Count II of Plaintiff's complaint must be dismissed.

---

district court.

As to Counts I and III,[7] Defendants maintain that although Plaintiff did not assert these claims before the MSPB in his "mixed case appeal," Plaintiff abandoned these claims when he chose to appeal the MSPB decision on the nondiscrimination issues presented in his "mixed case appeal" to the Federal Circuit. (Defs.' Br. at 5.) Plaintiff, however, argues that he properly exhausted his administrative remedies as these claims when he filed a complaint with the EEOC in 2007.

Plaintiff, by filing a "mixed case appeal" to the MSPB, made a binding election to proceed in that forum. 29 C.F.R. § 1614.302(2). Because Plaintiff elected to proceed with his "mixed case appeal" in the MSPB, he was required to exhaust his administrative remedies in the MSPB before filing a civil action. *See Economou v. Caldera*, 206, F.3d 144, 149 (2d Cir. 2002)(holding that the plaintiff's filing of a formal petition with the MSPB "designated the MSPB as the administrative forum in which [the plaintiff] was bound to exhaust his claims"); *McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir. 1995)(holding that once a plaintiff chose the option of proceeding before the MSPB, the plaintiff was required to exhaust her claims in [the MSPB] before filing a civil action"). As to his claim for race, gender, and age discrimination and his claim for retaliation (Counts I and III), Plaintiff did not properly exhaust his administrative remedies in the MSPB because he did not assert them along with his disability discrimination claim in his "mixed case appeal"; rather, Plaintiff filed an EEOC complaint asserting these claims in

---

[7]In Counts I and III of his complaint, Plaintiff asserts a claim for race, gender, and age discrimination, and a claim for retaliation, under Title VII of the 1964.

2007.[8]  (*See* Pl.'s Resp. Br. at 7.)  Plaintiff's 2007 EEOC complaint cannot resurrect claims that were not properly exhausted in the MSPB.  Consequently, Defendants are entitled to summary judgment as to Counts I and III of Plaintiff's complaint for Plaintiff's failure to exhaust his administrative remedies before the MSPB.

In conclusion, the Court will grant Defendants' motion to dismiss Count II of Plaintiff's complaint.  Defendants' motion for summary judgment will be granted as to Counts I and III of Plaintiff's complaint.

**B.  Count IV of Plaintiff's Complaint is Barred by the Statute of Limitations**

In Count IV of his complaint, Plaintiff asserts a breach of contract claim against the Postal Service, claiming that the Postal Service violated a collective bargaining agreement when it terminated Plaintiff without cause and by relying on past disciplinary actions taken against Plaintiff.  (Compl. ¶¶ 40, 46-50.)  Defendants argue that Count IV of Plaintiff's complaint is barred by the applicable statute of limitations.

Suits alleging breach of a collective bargaining agreement between the Postal Service and the labor union representing postal service employees are governed by the

---

[8]As indicated above, the portion of the EEOC's disposition of Plaintiff's "complaint" does not reveal what claims were brought before the EEOC nor does it reveal the reasons the EEOC denied Plaintiff's "complaint."  (*See* Pl.'s Resp. Br. Ex. 3.)  A carry-over footnote on the portion of the EEOC disposition of Plaintiff's "complaint" states that the issue of Plaintiff's termination was not before the EEOC.  (*See id.*)  This suggests that any discrimination claim Plaintiff asserted before the EEOC in 2007 involved his April 17, 2004 removal from the Postal Service.  Therefore, the EEOC may have denied the discrimination claims alleged in Plaintiff's "complaint" as untimely.  *See* 42 U.S.C. § 2000e-5(e)(1)(providing that an employment discrimination charge brought under Title VII shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred).

Postal Reorganization Act, 39 U.S.C. §§ 101-5605, which provides federal district courts with jurisdiction over such actions. *Id.* § 1208(a). The Sixth Circuit "and [other] sister circuits have uniformly held that 39 U.S.C. § 1208(b) is an analogue of Section 301(a) of the Labor Management Relations Act of 1957 and have consistently applied § 301 law to suits brought pursuant to 39 U.S.C. § 1208(b)." *Lawson v. Truck Drivers, Chauffeurs & Helpers Local Union 100*, 690 F.2d 250, 255 (6th Cir. 1983)(citing *Malone v. U.S. Postal Serv.*, 526 F.2d 1099, 1103-04 (6th Cir. 1975)(quoting 2 U.S. Code Cong. And Admin. News 1970, 3649, 3662)). "The statute of limitations for [actions brought pursuant to 39 U.S.C. § 1208(b)] is six months, *see Abernathy v. U.S. Postal Service*, 740 F.2d 612, 617 (8th Cir. 1984), and begins to run when the plaintiff knew or should have known in the exercise of reasonable diligence of the acts that constitute the [§ 1208(b)] violation." *Madar v. Runyon*, No. 97-4466, 1999 WL 187441, 1990 U.S. App. LEXIS 3980, at *4 (6th Cir. Mar. 8, 1999)(quoting *Jones v. Gen. Motors Corp.*, 939 F.2d 380, 384 (6th Cir. 1991))(second alteration in original); *Kroll v. United States*, 832 F. Supp. 199, 204 n.1 (E.D. Mich. 1993)).

Even assuming, as Plaintiff seemingly contends, that his breach of the collective bargaining agreement claim against the Postal Service for terminating him without just cause did not accrue until the United States Supreme Court denied his petition for a writ of certiorari on January 19, 2007, Plaintiff's complaint, which was filed on November 13, 2007, was not filed within the six-month statute of limitations. Consequently, Count IV of Plaintiff's complaint will be dismissed as untimely.

**C. Counts V and VI of Plaintiff's Complaint Will be Dismissed**

In Count V of his complaint, Plaintiff alleges that Defendants violated 42 U.S.C. § 1985 and the 14th Amendment of the Constitution when they conspired "to accuse Plaintiff of attempted assault to cause Plaintiff to be terminated." (Compl. ¶ 54.) Furthermore, in Count VI of his complaint, which is labeled "Injurious Falsehood," Plaintiff alleges that Defendant George made false allegations against him with "malice and reckless disregard for the truth thereof," resulting in the loss of his employment. (*Id.* ¶¶ 58-62.) At the hearing, counsel for Plaintiff informed the Court that Plaintiff will withdraw Counts V and VI of his complaint. Counts V and VI will therefore be dismissed.

### D. Count VII of Plaintiff's Complaint Will be Dismissed[9]

Defendants argue that Count VII is barred by the doctrine of claim preclusion.[10] In Count VII of his complaint, which is labeled "Negligent Supervision," Plaintiff alleges that the "Postal Service failed to properly train and supervise and retained Defendant George, as a supervisor of employees such as Plaintiff" and that the Postal Service "knew or should have reasonably known of Defendant George's conduct, acts, failures to act in supervising employees such as Plaintiff." (Compl. ¶¶ 69-70.) Count VII, like many of Plaintiff's claims, is, in essence, a challenge of the Postal Service's grounds for Plaintiff's

---

[9]Neither Defendants nor Plaintiff addressed Count VII of Plaintiff's complaint at the hearing on April 10, 2008. Therefore, it is unclear whether Plaintiff also withdrew this claim.

[10]In their brief, Defendants contend that both Counts VI and VII are barred by the doctrine of claim preclusion. Because Plaintiff has withdrawn Count VI, the Court does not address Defendants' claim preclusion argument as it applies to Count VI.

removal.  (*See id.*)

"The doctrine of claim preclusion, sometimes referred to as *res judicata*, mandates that if an action results in a judgment on the merits, that judgment operates as an absolute bar to any subsequent action between the same parties, with respect both to every matter that was actually litigated in the first case, as well as to every ground of recovery that might have been presented."  *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 582 (6th Cir. 1994).  This Court agrees with Defendants and finds that Count VII of Plaintiff's complaint is barred by the doctrine of claim preclusion.  Plaintiff does not address Defendants' claim preclusion arguments.  Nevertheless, Plaintiff challenged his removal with the MSPB and later appealed the MSPB's decision to the Federal Circuit.  The Postal Service was a party to Plaintiff's appeal.  Moreover, Plaintiff could have raised the issues that now form the basis of his "Negligent Supervision" claim in his MSPB "mixed case appeal," as well as his appeal to the Federal Circuit.  Therefore, Count VII of Plaintiff's complaint is barred by claim preclusion.  *See id.*

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss or, in the alternative, for summary judgment is **GRANTED**.

s/PATRICK J. DUGGAN<br>UNITED STATES DISTRICT JUDGE

Copies to: Benjamin Whitfield, Jr., Esq.; Vanessa Miree Mays, AUSA